MEMORANDUM OPINION

No. 04-05-00453-CR

Dempsey Leon SUTTON,

Appellant

v.

The STATE of Texas ,

Appellee

From the 186th Judicial District Court, Bexar County, Texas

Trial Court No. 1985-CR-1279A

Honorable Maria Teresa Herr , Judge Presiding


Opinion by: Karen Angelini , Justice

Sitting: Sarah B. Duncan , Justice

 Karen Angelini , Justice

 Phylis J. Speedlin , Justice

Delivered and Filed: April 12, 2006

AFFIRMED

 Dempsey Leon Sutton appeals the trial court's denial of his motion for forensic DNA testing. In one issue on appeal, Sutton
contends that the trial court erred in overruling his motion without filing findings of fact or conclusions of law. Finding no
error, we affirm. 

Discussion

 In August 1985, Sutton pled guilty and was sentenced to serve thirty-five years confinement in the Texas Department of
Corrections for the offense of aggravated sexual assault. In January 2005, Sutton filed a motion for forensic DNA testing
pursuant to article 64.01 of the Texas Code of Criminal Procedure. The State responded by providing affidavits indicating
that no biological evidence had been maintained in the case. The trial court denied Sutton's motion in an order dated June 7,
2005. In its order, the trial court included the following recitations:

 1. The Court finds that the evidence, no longer exists; therefore [it] is not in a condition to make DNA testing possible.

 2. The Court further finds that identity was not an issue in this case, and [that] Defendant has not established by a
preponderance of the evidence that the defendant would not have been convicted if exculpatory results had been obtained
through DNA testing.

 Under chapter 64 of the Texas Code of Criminal Procedure, a convicted person may submit a motion for forensic DNA
testing of evidence containing biological material. Tex. Code Crim. Proc. Ann. art. 64.01(a) (Vernon Supp. 2005). The
court may order forensic DNA testing under chapter 64 only under the following circumstances:

 (1) The court must find that (A) the evidence still exists and is in a condition making testing possible and has been
subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in
any material respect, and (B) identity was or is an issue in the case; and

 (2) the convicted person establishes by a preponderance of the evidence that (A) he would not have been convicted if
exculpatory results had been obtained through DNA testing, and (B) the request for the proposed DNA testing is not made
to unreasonably delay the execution of the sentence or the administration of justice.

Id. art. 64.03(a). Additionally, if the court makes these findings and the convicted person meets these requirements, the
court shall order that forensic DNA testing be conducted. Id. art. 64.03(c). 

 Sutton argues that chapter 64 requires the trial court to enter findings of fact and conclusions of law when either granting or
denying a motion for forensic DNA testing. And, according to Sutton, because no findings were entered, he has no notice of
the trial court's reasons for denying his motion, making judicial review impossible. Sutton, however, ignores the findings
recited in the trial court's order. As noted above, the trial court specifically found the following: (1) the evidence no longer
exists; (2) the evidence is, therefore, not in a condition to make DNA testing possible; (3) identity was not an issue in the
case; and (4) Sutton did not establish that he would not have been convicted if exculpatory results had been obtained
through DNA testing. Thus, the trial court did not err, and we overrule Sutton's sole issue on appeal. We further note that
the record supports the trial court's finding that the evidence no longer exists. 

 Finding no error, we affirm the trial court's judgment. 



 Karen Angelini , Justice



Do not publish